Filed 10/22/21  P. v. Bradt CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>ARENT BRADT,<br><br>         Defendant and Appellant. | A158999<br><br>(Sonoma County<br>Super. Ct. No. SCR6970881) |

Arent Bradt (appellant) appeals his conviction of second degree murder, arguing instructional error.  We find any error harmless, and affirm.

BACKGROUND

We recite only those background facts necessary to our resolution of this appeal.  At trial, it was undisputed that appellant killed the victim by stabbing him multiple times.  The People presented evidence indicating the victim was not threatening appellant before the stabbing.  Appellant testified the victim screamed at him and charged him, appellant thought the victim wanted to kill him, and he was terrified.  Appellant also presented expert testimony indicating that, due to childhood lead exposure, trauma, and/or head injuries, he had difficulty distinguishing between neutral and

1

threatening behavior; and that he had schizophrenic spectrum disorder and was having a psychotic episode on the day of the killing.

The jury acquitted defendant of first degree murder and convicted him of second degree murder. This appeal followed.

DISCUSSION

Appellant argues the trial court erred in its instruction on mistake of fact. As relevant here, the jury was instructed: "If you find that the defendant believed that he was threatened *and if you find that belief was reasonable*, he did not have the specific intent or mental state required for Murder."[1] (Italics added.) Appellant argues on appeal this instruction was error because an *unreasonable* belief could also have negated the mental state required for murder.

We need not decide whether the trial court erred because any error was harmless. " 'Error in failing to instruct on the mistake-of-fact defense is subject to the harmless error test set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836, 299 [P.2d 243].' " (*People v. Molano* (2019) 7 Cal.5th 620, 670.)[2] " 'In determining whether instructional error was harmless, relevant

---

[1] The mistake-of-fact instruction, in its entirety, was: "The defendant is not guilty of Murder if he did not have the intent or mental state required to commit the crime because he reasonably did not know a fact or reasonably and mistakenly believed a fact. [¶] If the defendant's conduct would have been lawful under the facts as he reasonably believed them to be, he did not commit Murder. [¶] If you find that the defendant believed that he was threatened and if you find that belief was reasonable, he did not have the specific intent or mental state required for Murder. [¶] If you have a reasonable doubt about whether the defendant had the specific intent or mental state required for Murder, you must find him not guilty of that crime."

[2] Appellant acknowledges authority that erroneous mistake-of-fact instructions are reviewed for error under *Watson,* but argues the appropriate prejudice standard is the one set forth in *Chapman v. California* (1967)

2

inquiries are whether "the factual question posed by the omitted instruction necessarily was resolved adversely to the defendant under other, properly given instructions" [citation] and whether the "defendant effectively conceded the issue" [citation.] A reviewing court considers "the specific language challenged, the instructions as a whole[,] the jury's findings" [citation], and counsel's closing arguments to determine whether the instructional error "would have misled a reasonable jury . . . ." ' " (*People v. Sojka* (2011) 196 Cal.App.4th 733, 738.)

The jury was also instructed on imperfect self-defense, as relevant here: "A killing that would otherwise be murder is reduced to voluntary manslaughter if the defendant killed a person because he acted in imperfect self-defense. [¶] If you conclude the defendant acted in complete self-defense, his action was lawful and you must find him not guilty of any crime. The difference between complete self-defense and imperfect self-defense depends on whether the defendant's belief in the need to use deadly force was reasonable. [¶] The defendant acted in imperfect self-defense of another if: [¶] 1. The defendant actually believed that he was in imminent danger of being killed or suffering great bodily injury; [¶] AND [¶] 2. The defendant actually believed that the immediate use of deadly force was necessary to defend against the danger; [¶] BUT [¶] 3. At least one of those beliefs was unreasonable." The imperfect self-defense instruction concluded: "The People have the burden of proving beyond a reasonable doubt that the

---

386 U.S. 18. We are bound to follow the standard identified by the Supreme Court in *Molano, supra.* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

3

defendant was not acting in imperfect self-defense or imperfect defense of another. If the People have not met this burden, you must find the defendant not guilty of murder."

In convicting appellant of second degree murder, the jury rejected an imperfect self-defense theory. Because the jury therefore found that appellant did *not* actually and unreasonably believe he was in imminent danger or actually and unreasonably believe the immediate use of deadly force was necessary, the jury necessarily found appellant did not actually but unreasonably believe "he was threatened"—the factual finding required by the assertedly correct mistake-of-fact instruction.[3]

Appellant argues the mistake-of-fact instruction given by the trial court and the imperfect self-defense instruction were conflicting, and the jury may have reconciled them by "making a distinction between a reasonable mistake of fact and an unreasonable conclusion based on a reasonable perception of a fact," or may have applied the mistake-of-fact instruction instead of the imperfect self-defense instruction. We find no reasonable probability of either scenario because neither side mentioned the mistake-of-fact instruction once during closing arguments, while both sides discussed imperfect self-defense. (See *People v. Gomez* (2003) 107 Cal.App.4th 328, 336–337 [where "[t]he prosecutor made only passing reference to CALJIC No. 8.65 . . . and defense counsel's closing argument made no reference to

---

[3] Appellant cursorily asserts "the mistake of fact instruction applies more broadly than does the imperfect self-defense instruction" and therefore, had the jury been instructed about unreasonable mistake of fact, it could have found unreasonable mistake of fact applied "without reference to the imperfect self-defense instruction." Appellant fails to identify any ground on which the jury could have found mistake of fact under the facts of this case that would not have also fallen under imperfect self-defense.

CALJIC No. 8.65 . . . , any error in the submission of CALJIC No. 8.65 was harmless"].)  Indeed, both the prosecutor and defense counsel noted during their discussion of imperfect self-defense that at least one of the beliefs required must be unreasonable.[4]

In sum, because the jury rejected the imperfect self-defense theory, which was discussed by both sides during closing arguments, and because neither side even mentioned the mistake-of-fact instruction during closing arguments, we conclude any error in the mistake-of-fact instruction was harmless.

DISPOSITION

The judgment is affirmed.

---

[4] The prosecutor's argument with respect to imperfect self-defense was that appellant did not actually believe either of the required beliefs: She highlighted inconsistencies in his version of events, argued his actions around the time of the killing indicated he was not mentally impaired, and queried, "Did he actually believe that he was going -- the defendant -- that he was going to die right there?"; "When is the defendant telling us the truth and when is he lying?  What is his credibility at this point?"

5

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

NEEDHAM, J.

(A158999)